per curiam:
Plaintiffs were or are Air Force civilian employees. Until June 1976, they were employed at WG-10 grades, either as Inertial Gyro Repairers or as Computer Memory Repairers. After the Civil Service Commission issued a new overall standard ("Instrument Mechanic”) for these and other positions, the Air Force evaluated plaintiffs’ positions under the new standard and determined that they should be reclassified at the WG-9 level and called Instrument Workers. This new classification went into effect in June 1976. Because of the reduction in grade and pay, the matter was treated as an adverse action by the Air Force, and plaintiffs then appealed to the regional office of the Federal Employees Appeal Authority (FEAA) of the then Civil Service Commission. A hearing was held and witnesses testified. FEAA sustained the reclassification and regrading, relying heavily on a detailed advisory opinion of *727 the regional office’s Personnel Management and Evaluation Division (PMED) which reviewed the record before FEAA and the employees’ presentations. Plaintiffs then filed this action, asking us ta overturn FEAA’s de,cisión.
The case now comes before us on the parties’ cross-motions for summary judgment. Oral argument has been had and we have also considered the written submissions. There is no occasion for a trial in this court or for further fact-finding.
In reclassification and downgrading cases like this, we follow the principles that the employing agency has a certain amount of managerial discretion within the standards established by the Civil Service Commission and that the complaining employees have the burden of showing arbitrariness in, and lack of support for, the administrative determination. Albert v. United States, 194 Ct. Cl. 95, 100, 437 F.2d 976, 978-79 (1971). See also Bookman v. United States, 197 Ct. Cl. 108, 116-117, 453 F.2d 1263, 1267-1268 (1972); Di Rocco v. United States, 201 Ct. Cl. 867 (1973); Wilmot v. United States, 205 Ct. Cl. 666, 686 (1974).
We have considered the present case by those gauges and cannot find any arbitrary or capricious action, abuse of discretion, or legal error, on the part of the Air Force or the Civil Service Commission. All but one of the points plaintiffs raise before us were considered by the PMED and the FEAA, and we have no sufficient reason to reject their views which were given in detail. We are therefore satisfied that there was no arbitrary, capricious, or legally erroneous administrative action (either by the Air Force or the Commission) with respect to (1) the characterization by the Air Force of plaintiffs’ present positions at grade 9 as journeymen positions for certain purposes and in certain aspects;[1] (2) whether plaintiffs repair "interdependent subassemblies” within the meaning of the grade 10 of the *728 Commission’s Instrument Mechanic standard; (3) the alleged measuring by the Commission of plaintiffs’ jobs by grade 11 (rather than grade 10) criteria, and (4) determining that plaintiffs’ position warranted no more than a grade 9. As for the claim that the Air Force audit of the plaintiffs’ jobs before the reclassification was arbitrarily inadequate (an issue apparently not raised before the FEAA), we find no such arbitrariness; in any event, plaintiffs had a full opportunity to make their case before the FEAA and were not injured by any deficiency in the Air Force audit.[2]
Accordingly, plaintiffs’ motion for summary judgment is denied, defendant’s motion for summary judgment is granted, and the petition is dismissed.

 PMED specifically adverted to this contention and explained in its advisory opinion to FEAA: "The CSC standards refer to ["journeyman”] as the first level where the duties describe the full range and depth of the work covered by the standard. Agencies use the word to refer to the grade level which describes the bulk of the jobs in a particular section. Thus, the agency’s journeyman level may be equal to or higher or lower than, the journeyman level in the [CSC] standard.” PMED went on to indicate that in the "Instrument Mechanic” series the "full range and depth” of the covered work was not reached until GS-10 but the GS-9 position can be called a "journeyman” job under the agencies’ practice.

 There is no claim before us of any other procedural error or defect in the actions of the Air Force or the Commission.